### COLE *v.* MUDGE.

1. FRAUD—RESCISSION—EXCHANGE OF PROPERTY.

    In a suit for the rescission of a contract for an exchange
of equities in real estate on the ground of fraud, where
plaintiff's proofs established that she had suffered a sub-
stantial loss but failed to establish fraud, she was not
entitled to relief solely on the ground of her misfortune.

2. REFERENCE—ACCOUNTING—EQUITY.

    Where, before institution of suit, defendant had rendered
a full accounting of all real estate deals he had conducted
for plaintiff, not one item of which is successfully assailed
or seriously questioned, a reference for an accounting was
properly denied.

Appeal from Wayne; O'Brien (Patrick H.), J., pre-
siding.   Submitted January 23, 1923.   (Docket No.
85.)   Decided March 22, 1923.

Bill by Charlotte L. Cole against Harry E. Mudge,

Herbert C. Siegel and others for a rescission of an exchange of real property, and for an accounting. Defendant Siegel filed a cross-bill for the foreclosure of a land contract. From a decree dismissing the bill and granting the prayer of the cross-bill, plaintiff appeals. Affirmed.

*James H. Pound,* for plaintiff.

*Schmalzriedt, Frye & Granse,* for defendants.

FELLOWS, J. Defendant Mudge is a real estate dealer in Detroit. Plaintiff is his sister-in-law. Under the advice and with the assistance of Mr. Mudge, plaintiff, from the year 1915 to the fall of 1917, engaged in some 17 successful real estate deals. By the fall of 1917 she had acquired some equities in improved property. Before that she had rented this property and the rent took care of the monthly payments she was required to make. There came a time when some of the houses were unoccupied and she was obliged to draw on other sources to keep up her payments. In this situation she suggested that Mr. Mudge find a property for which she could trade her equities so as to be relieved of the burdensome payments and have her property together in one piece. As a result of advertising Mr. Mudge located a farm of 120 acres in St. Clair county. He and his associate, Mr. Foraker, went up and looked the farm over. They talked with the tenant, with neighbors, learned the assessed valuation of the farm and went all over it. Mr. Mudge reported the result of his trip and soon thereafter plaintiff went up with Mr. Mudge's family and looked the farm over herself. The farm had formerly been owned by Mrs. Boucher, but some years before that defendant Siegel had foreclosed a mortgage on it. He had, however, a verbal arrangement with the Bouchers that if they made a

sale or trade of the farm they should have all they received over the amount of his debt.    A trade was arranged and we think it fairly appears that the value of the farm and of plaintiff's equities were both fixed at an inflated or trade price.    Plaintiff transferred her equities to the Bouchers.    Mrs. Boucher gave a quitclaim deed to Siegel and he and plaintiff entered into a land contract for the sale and purchase of the farm at the amount of the Siegel indebtedness.    With the approval of plaintiff, the Bouchers turned over to Mudge a small equity for his services to both parties but he realized nothing on it and the contract was forfeited.    The contract between plaintiff and Siegel bears date November 26, 1917.    On June 19, 1920, plaintiff filed this bill alleging fraud on the part of Mudge, Siegel and Boucher in the transaction and seeking rescission of the contract.    All defendants answered, and defendant Siegel by way of cross-bill sought foreclosure of his contract.    The trial judge dismissed plaintiff's bill and granted defendant Siegel affirmative relief.

The trial court disposed of the case as one of fact and we think the same course should be pursued here. A careful reading of this record of 436 pages, together with the briefs of counsel, is convincing of the fact that plaintiff has suffered a financial loss but she has signally failed to establish that such loss was due to the fraud of defendants or any of them.    The evidence very strongly preponderates that no fraud was perpetrated or attempted to be perpetrated on her. Her loss is due in part to a shrinkage in land values and in part to her own perverseness.    No doubt cash sales of farm land in the locality of this farm were scarce and trades which Mr. Mudge arranged were not accepted by her, one of which would have turned her a very handsome profit on the entire transaction. We are convinced that Mr. Mudge and his business

associate, Mr. Foraker, made a careful investigation of the farm and its surroundings before going ahead with the deal, and Mr. Mudge reported to plaintiff what they found, no more and no less.    Afterwards plaintiff saw the farm herself.    It was, when well managed, a productive farm; there was a recently rebuilt barn on it, a fair farm house needing some repair, and the farm was operated by tenants without satisfactory results.    In the absence of fraud we can not afford plaintiff relief solely on the ground of her misfortune.

It is insisted by counsel for appellant that there should be a reference in order to have an accounting by Mr. Mudge; but long before this suit was instituted he rendered plaintiff a full accounting of all the deals he had conducted for her.    Not one of the items in his account is successfully assailed or seriously questioned.    Under these circumstances we see no necessity for an order of reference.    Counsel also in general language assails the amount of the decree on Mr. Siegel's cross-bill but he does not point out any item which was improperly allowed and introduces no testimony conflicting with that given by Mr. Siegel as to the amount due him.    These defendants are in no way chargeable with the loss sustained by the plaintiff.

The decree must be affirmed, with single costs to defendants.

WIEST, C. J., and McDONALD, CLARK, BIRD, SHARPE, MOORE, and STEERE, JJ., concurred.